**Jewell CATES, Plaintiff–Appellant,**

v.

**BETTER–BILT ALUMINUM PRODUCTS COMPANY, Defendant–Appellee.**

Supreme Court of Tennessee.

Nov. 3, 1980.

Ken Burger, Murfreesboro, for plaintiff–appellant.

Luther E. Cantrell, Jr., Nashville, for defendant–appellee.

HARBISON, Justice.

In this worker's compensation case the employee appeals from the dismissal of her claim for permanent partial disability benefits. We have concluded to remand the case to the trial court for further proceedings. We have taken this action because of the incomplete state of the record on appeal and because it clearly appears both from the pleadings and the evidence that there was available to one or both of the parties additional material evidence which would have enabled the Court to make a more satisfactory determination of the issues presented. T.C.A. § 27–329.

There is no question but that the employee, appellant here, sustained a compensable injury while at work on March 30, 1979. While lifting some storm doors in an assembly line operation she sustained a painful injury to the muscles and ligaments in her lumbar spine. The incident occurred on Friday afternoon. Appellant completed her shift and during the weekend attempted to relieve the pain in her back with heating pads and medication. When she returned to work on Monday she reported her injury and was given aspirin at the company first–

aid station. Her condition worsened, and on Tuesday, April 3, she was sent by company officials to a general practitioner. He apparently gave her a muscle relaxant and requested her to return the following day. Since she had obtained no relief, he sent her to a hospital for X–rays and referred her to an orthopedic specialist, Dr. Seung H. Lee. Appellant remained under the care of Dr. Lee from April 4, 1979, through September 27. She was seen by him on numerous occasions during that time and was hospitalized for one week from April 11 to April 17. Dr. Lee found X–ray evidence of pre–existing arthritic changes in the spine which might have been affected by the muscular ligamentous injury which she sustained at work. His basic diagnosis was acute injury of the muscles and ligaments. This was treated conservatively by bed rest and medication until the patient was hospitalized. In the hospital traction was also administered, and the patient was discharged as improved. She was apparently never free from complaints of pain, however, throughout her treatment by Dr. Lee. On two separate occasions he recommended that she attempt to return to work. On one of these occasions she was able to work for a few hours only. On the next she worked for about two days. On both occasions she experienced such severe pain that she was unable to continue working.

Although his testimony was equivocal and Dr. Lee, who is Oriental, had some difficulty expressing himself precisely in English, a reading of his deposition makes it clear that he was of the opinion that the patient had sustained some permanent disability as a result of her injury at work on March 30, 1979. He found difficulty expressing this in terms of percentage and likewise stated that he was reluctant to characterize her injury as permanent. On the other hand, he stated that she was unable to return to work when he last saw her and that he definitely felt that she had some disability. He did not find her to be exaggerating or malingering. On cross–examination he stated:

"The reason is that I hate to really give any permanent partial disability that I cannot pin–point out exactly where or how. However, I think–you may not agree–but my experience and education and all, I don't think any patient that has this much problem that long, it's going to be completely well. So I cannot say that this patient don't have any; at the same time, I hate to say just how much."

In response to further questioning, Dr. Lee refused to state that his opinion was speculative. He felt that any disability rating given to the patient should be minimal. He estimated this at ten percent of the body as a whole.

This was the only medical evidence adduced at the trial. It is clear both from the pleadings and from the testimony of witnesses that appellant was seen by other physicians at the request of the employer's insurer. It is easily inferable from the record that these physicians found no permanent impairment, but that testimony was not offered in contradiction of the testimony of Dr. Lee. Had this been done, there would clearly have been material evidence in the record to sustain a dismissal of this action by the trial judge.

It is further apparent from the record that the trial judge was quite uncertain about the testimony of Dr. Lee and was dissatisfied with it. Accordingly, he suggested to counsel that a further medical opinion be obtained. The trial record reflects that counsel for appellant agreed and stated that he would have the patient examined by an orthopedic physician, Dr. Johns, and would take his deposition. Counsel for appellee, at the trial, stated that he could not agree to this without obtaining authority from his insurance carrier. He stated that he would check with the insurance company and let the court know on the afternoon of the trial, November 29, 1979.

At this point, the trial record was closed, and there is no further reference in it to the consent or lack thereof by the insurer or of the examination, if it occurred, by Dr. Johns. On April 1, 1980, without further reference to the matter and without additional findings of fact or comment, the trial

judge dismissed the action, finding that appellant had not carried the burden of proof to establish permanent partial disability.

Both parties have briefed in detail previous cases decided by this Court. Appellee insists that since there was no objective finding upon which Dr. Lee could base a permanent partial disability rating, his opinion was entitled to no probative value. Our authorities do not sustain so broad a proposition.

Since 1967, T.C.A. § 24–718 has expressly provided as follows:

"In the trial of any civil suit, there shall be received in evidence if offered on behalf of any party thereto, opinions as to medical findings as a result of treatment or examination of the party, whether such opinions are based on subjective or objective findings, provided such opinions are those of persons otherwise qualified as medical experts. It is declared to be the intent of this section that medical opinions based on subjective findings are no longer to be excluded from evidence whether the opinion is from the treating expert or an expert called in for purposes of examination and evaluation."

Under this statute, the testimony of Dr. Lee was clearly admissible. The fact that his opinion was based upon subjective findings alone affects only its weight, not its admissibility. *Cf. Travelers Ins. Co. v. Flatford,* 551 S.W.2d 695 (Tenn.1977). If there is anything to the contrary in *Reynolds v. Liberty Mutual Ins. Co.,* 496 S.W.2d 890 (Tenn.1973), then to that extent that opinion is in error and should be modified. The Court did not cite T.C.A. § 24–718 in that opinion, and in all probability the statute was not called to the attention of the Court at that time.

We are reluctant to hold that as a matter of law appellant is entitled to an award of permanent partial disability upon the present record. Nevertheless, as the case comes to us, the only material and probative evidence in the record is that she had sustained some degree of permanent partial disability at the time of the trial. The trial judge was well within his discretion in ordering a further examination, and if this in fact was held with negative results, then the trial judge would certainly be entitled to dismiss the case. Further, if the appellee should take and file competent evidence from any of the physicians who had previously examined appellant, that would afford some material evidence that no permanent partial disability exists. On the other hand, this is a worker's compensation case, and the courts, by law, are enjoined to see that an injured worker is given all of the benefits to which he or she is properly entitled. T.C.A. §§ 50–918, 1006.

Accordingly, the judgment dismissing the action is vacated, and the cause is remanded to the trial court for further proceedings consistent, herewith, at which the court may consider the evidence already on file and any additional proof which may be adduced by either party from physicians who have previously examined appellant or from others who may do so after remand. Nothing herein shall be construed as indicating any opinion on the part of this Court as to whether a permanent award should or should not be made. Costs incident to the appeal will be taxed to appellee; all other costs will abide the remand.

BROCK, C. J., and FONES, COOPER and DROWOTA, JJ., concur.