**Thomas JOHNSON**

v.

**SCHEVENELL READY MIX, INC. and Home Insurance Company.**

Supreme Court of Tennessee.

Dec. 8, 1980.

Harold Weiss, Sheldon Miller, Weiss & Miller, Memphis, for appellant.

Richard Glassman, Glassman & Jeter, Memphis, for appellees.

## OPINION

COOPER, Justice.

Thomas Johnson has appealed from the dismissal of his claim for worker's compensation disability benefits. Essentially, appellant questions the trial judge's finding that there was no competent medical evidence to support appellant's charge that he was permanently disabled from a traumatic neurosis resulting from an injury sustained in an on–the–job accident. Appellant also insists the trial judge erred in his interpretation of *Reynolds v. Liberty Mutual Insurance Company*, 496 S.W.2d 890 (Tenn.1973).

It is undisputed that Thomas Johnson was injured on June 9, 1978, when the "payloader" he was operating for his employer went over a cliff onto a train track, where the machine was struck by a passing train. Appellant was partially scalped in the accident and also suffered relatively minor injuries to his arms and legs. Appellant's scalp was successfully sutured in place. He does suffer from numbness due to severance of nerves in the scalping; however, the numbness is not per se disabling. Appellant also has a visible scar estimated to be from 12 to 15 inches in length.

Since his injury, appellant has complained consistently of double vision, ringing in the ears, neck pain, and headaches. He also complains of chronic fatigue and marked weakness in his legs.

Two physicians selected by the employer, a neurologist, and a neurosurgeon, testified they found no evidence of any neurological disability on the part of the appellant. Neither doctor attempted to give a "psychiatric evaluation" of appellant, it being outside their field of expertise.

The appellant offered the testimony of Dr. Nancy H. Duckworth, a psychiatrist

selected by counsel for appellant. Dr. Duckworth testified that she examined appellant on three occasions, and concluded that he was permanently disabled from a "traumatic neurosis." The trauma referred to by Dr. Duckworth in her testimony was the accident wherein appellant sustained the "scalping" injury.

■ The trial judge refused to accredit Dr. Duckworth's evaluation of appellant's injuries. It is not clear from the record whether the trial judge's rejection of the testimony was based on the credibility of the evidence, or whether it was rejected because Dr. Duckworth's opinion was based on subjective complaints of appellant. The trial judge did preface his holding with the statement that "in order to establish permanency of disability that competent medical evidence must have some basis other than the mere subjective complaints of the patient." This statement is incorrect, and it follows that findings predicated on the principle stated are incorrect.

T.C.A. § 24–718 provides that:

In the trial of any civil suit, there shall be received in evidence if offered on behalf of any party thereto, opinions as to medical findings as a result of treatment or examination of the party, whether such opinions are based on subjective or objective findings, provided such opinions are those of persons otherwise qualified as medical experts. It is declared to be the intent of this section that medical opinions based on subjective findings are no longer to be excluded from the treating expert or an expert called for purposes of examination and evaluation.

■ Under the above statute, the opinion of a qualified medical expert witness based on subjective findings alone is sufficient to establish medical causation and the permanency of disability, if the evidence is found to be credible by the trial judge.[1] *Cates v. Better Bilt Aluminum Co.*, 607 S.W.2d 476

(Tenn.1980); *Combustion Engineering Inc. v. Kennedy*, 562 S.W.2d 202 (Tenn.1978); *Travelers Ins. Co. v. Flatford*, 551 S.W.2d 695 (Tenn.1977).

■ Dr. Duckworth was the only witness to testify that is qualified in the field of psychiatry. She testified that appellant is permanently disabled from a traumatic neurosis attributable to appellant's on–the–job accident and resulting injuries. From this, appellant argues he is entitled to a entry of a judgment in this court awarding him permanent disability benefits. We think the better procedure is to remand the case for an evaluation by the trial judge of the testimony of the several witnesses. Obviously, the opinion of Dr. Duckworth can be no more credible than the testimony of appellant, who gave Dr. Duckworth the basis for her opinion. The appellant testified orally and, consequently, the trial judge is in a better position than the members of this court to evaluate appellant's credibility.

Further, we note from the record that after his injury and before his examination by Dr. Duckworth, appellant was treated as a psychiatric out–patient at the John Gaston Hospital in Memphis. A remand of the case will give the parties the opportunity to introduce evidence relative to this treatment and its cause. Also, there is a reference in the record to the qualifications of Dr. Tom Rhodes as a psychiatrist. What his connection is with appellant is not shown; however, a remand will give the parties the opportunity to call him as a witness if he has any information pertinent to a decision in this case.

The judgment dismissing the action is vacated and the case is remanded to the trial court for trial, in which the court may consider the evidence already on file and any additional proof which may be adduced by either party. Nothing herein shall be construed as indicating any opinion as to whether an award of benefits for perma-

---

1. "If there is anything to the contrary in *Reynolds v. Liberty Mutual Ins. Co.*, 496 S.W.2d 890 (Tenn.1973), then to that extent that opinion is in error and should be modified. The court did not cite T.C.A. § 24–718 in that opinion, and in

all probability the statute was not called to the attention of the court at that time." *Cates v. Better–Bilt Aluminum Products Company*, 607 S.W.2d 476 (Tenn.1980).

nent disability should or should not be made. Costs incident to the appeal are taxed to appellees; all other costs will abide the decision on remand.

BROCK, C. J., and FONES, HARBISON, and DROWOTA, JJ., concur.